IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Respondent,                                No. CR S-05-0102 FCD GGH P

    vs.

MARIO LOPEZ-TRUJILLO,

    Movant.                                  FINDINGS AND RECOMMENDATIONS

_____/

        Movant is a federal prisoner proceeding pro se with a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. Movant challenges his 2005 conviction for violating 18 U.S.C. § 1326 (deported alien found in the United States).

        Respondent moves to dismiss the motion on grounds that movant waived his right to bring a § 2255 motion in the plea agreement. Courts will generally enforce the plain language of a plea agreement if it is clear and unambiguous on its face, United States v. Nunez, 223 F.3d 956, 958 (9th Cir. 2000), and the waiver is knowing and voluntarily made. United States v. Joyce, 357 F.3d 921, 922 (9th Cir. 2004). However, "a plea agreement does not waive the right to bring a § 2255 motion unless it does so expressly." United States v. Pruitt, 32 F.3d 431, 433 (9th Cir. 1994).

/////

1

1	The Ninth Circuit has expressed doubt that a defendant, by entering a plea agreement, could waive certain claims of ineffective assistance of counsel brought pursuant to a § 2255 motion, notwithstanding an express plea waiver that covered all of a defendant's waiveable statutory rights to file a motion pursuant to § 2255.  However, those claims which are not waivable are limited to claims either challenging the knowing and voluntary nature of the plea agreement, or the voluntariness of the waiver itself.  <u>United States v. Pruitt</u>, 32 F.3d at 433.

In the instant case, movant's written plea agreement expressly waived his right to "bring a post-conviction attack on any aspect of his conviction or sentence.  He specifically agree[d] not to file a motion under 28 U.S.C. § 2255 or § 2241 attacking any aspect of his conviction or sentence."  Respondent's Exhibit 1, p. 4.  In addition, at the change of plea hearing movant stated that he understood that he was waiving his right to collaterally attack his conviction or sentence.  Respondent's Exhibit 2, p. 8.

The only claim raised in the pending § 2255 motion does not challenge the voluntariness of the plea agreement.  Rather, movant appears to argue that there was insufficient evidence to support his conviction or that he is factually innocent:

> Mr. Lopez Trujillo was charge with a violation of parole knowing the court that Mr. Lopez Trujillo was yet release from state prison on the same day got transferred to federal custody with a 1326(a) charge to Mr. Lopez Trujillo.  This law says that in this General Attorney finds that and alien who has reenter to the U.S. illegally after having been removed or having departed voluntarily under order of removal, the prior order of removal is "gone" and is not subject to reopened or reviewed.  Mr. Lopez-Trujillo should not be charged with a violation of parole or illegal entry.

<u>See</u> § 2255 Motion, p. 5.

Because movant waived his right to file a § 2255 motion and does not raise a claim challenging the voluntariness of his plea, this motion should be dismissed.

/////

/////

/////

IT IS HEREBY RECOMMENDED that:

1. Movant's May 1, 2006, motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 be dismissed; and

2. The clerk of the court be directed to close the companion civil case No. CIV S-06-941 FCD GGH P.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time waives the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 09/09/08

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

trujillo.257